**IN THE UNITED STATES DISTRICT CIRCUIT
MIDDLE DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| CAMILLE ABBOUD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CASE NO.:** |
| | ) | |
| NEXTERA-FPL, | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, CAMILLE ABBOUD, sues the Defendant, NEXTERA-FPL, and alleges as follows:

1.    This is an action to recover compensation for lost wages, benefits, instatement to a position, attorney's fees and costs, and any other compensatory damages or remuneration allowable at law for discrimination and retaliation pursuant to Title VII of the Civil Rights Act, as amended, ("Title VII") and the Florida Civil Rights Act, §760.01, *et seq.,* Florida Statutes, ("FCRA").

## PARTIES

1.    Plaintiff is a resident of St. John's County, Florida, and was an employment applicant of the Defendant at all times relevant to this action.

2.    Plaintiff was an employment applicant of the Defendant as defined by Title VII and within the meaning in the FCRA.

3.    The Defendant is a for profit business entity in the State of Florida and is authorized to conduct business within the geographical jurisdiction of this Court.

4.    The Defendant is an "employer" as that term is defined in Title VII and the FCRA.

## JURISDICTION AND VENUE

5.    Venue is appropriate in this Court because all or a majority of the conduct that led to this action occurred in the geographical limitations of this Court.

6.    Jurisdiction is appropriate in this Court pursuant to U.S.C. §1331.    Supplemental jurisdiction over the state law claims is appropriate in this Court pursuant to U.S.C. §1367.

## FACTS RELEVANT TO ALL COUNTS

7.    Plaintiff's national origin is Arab/Lebanese.

8.    Plaintiff is over the age of forty.

9.    Plaintiff was applied for over twenty-five positions of employment offered by the Defendant during the relevant time period (i.e., the three hundred days prior to the filing of the Charge of

Discrimination with the Equal Employment Opportunity Commission).

10.    The Plaintiff had previously applied for over four hundred positions of employment offered by the Defendant, and was not hired for any of the positions.

11.    Plaintiff was qualified for each of the positions for which he applied, as referenced in Paragraph 9, above.

12.    Plaintiff was rejected by Defendant to fill each of the positions for which he applied, as referenced in Paragraph 9, above.

13.    Defendant continued to seek applicants with similar qualifications and/or filled the positions with individuals outside of the Plaintiff's protected classes for each of the positions for which he applied, as referenced in Paragraph 9, above.

<u>FACTS RELEVANT TO COUNTS III and IV</u>

14.    Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission in 2024.

15.    Defendant was aware that Plaintiff filed the Charge of Discrimination and engaged in the processing of the Charge.

16.    Defendant selected applicants for the positions referred to in Paragraph 9, above, who had not engaged in protected activities.

17. Plaintiff was as or more qualified than the individuals who were selected by the Defendant to fill the positions referred to in Paragraph 9, above.

## COUNT I: DISCRIMINATION BASED UPON NATIONAL ORGIN IN VIOLATION OF TITLE VII

18. The Plaintiff incorporates Paragraphs 1- 13 as if fully rewritten herein.

19. The Plaintiff's national origin, Arab, was a determining factor in the Defendant's decisions to reject him for the positions referenced in Paragraph 9, above, and otherwise subjected Plaintiff to the adverse employment action.

20. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and benefits, and the loss of potential employment opportunities.

21. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and a loss to his professional and personal reputation, as a result of the Defendant's unlawful conduct.

22. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action.  Specifically, the Plaintiff timely

filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a.    That the Court take jurisdiction over this action;

b.    That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c.    That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d.    That the Court award the Plaintiff compensatory damages for his mental anguish and damage to his reputation;

e.    That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT II: DISCRIMINATION BASED UPON NATIONAL ORIGIN PURSUANT TO THE FCRA

23.    The Plaintiff reincorporates Paragraphs 1-13 as if fully written herein.

24.    The Plaintiff's national origin, Arab, was a determining factor in the Defendant's decisions to reject him for the positions

referenced in Paragraph 9, above, and otherwise subjected Plaintiff to the adverse employment action.

25.    As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and benefits, and the loss of potential employment opportunities.

26.    The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and a loss to his professional and personal reputation, as a result of the Defendant's unlawful conduct.

27.    The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action.  Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a.    That the Court take jurisdiction over this action;

b.    That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c.      That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d.      That the Court award the Plaintiff compensatory damages for his mental anguish and damage to his reputation;

e.      That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII

39.    The Plaintiff incorporates Paragraphs 1-17 as if fully rewritten herein.

40.    As detailed above, the Plaintiff was retaliated against by being rejected for all of the positions for which he applied.

41.    The Plaintiff's protected activity was a determining factor in the decision to reject the Plaintiff for the positions, despite his being as or more qualified than the applicants who were selected and who had not engaged in a protected activity.

42.    Such conduct violates Title VII.

43.    As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities.

The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and damage to his professional and personal reputation, as a result of the Defendant's unlawful conduct.

44.    The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action.  Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a.    That the Court take jurisdiction over this action;

b.    That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c.    That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d.    That the Court award the Plaintiff compensatory damages for his mental anguish and damage to reputation;

e.    That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT IV: RETALIATION IN VIOLATION OF THE FCRA

45.   The Plaintiff incorporates Paragraphs 1-17 as if fully rewritten herein.

46.   As detailed above, the Plaintiff was retaliated against by being rejected for all of the positions for which he applied.

47.   The Plaintiff's protected activity was a determining factor in the decision to reject the Plaintiff for the positions, despite his being as or more qualified than the applicants who were selected and who had not engaged in a protected activity.

48.   Such conduct violates the FCRA.

49.   The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action.  Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

50.   As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish,

emotional distress, embarrassment, and damage to his professional and personal reputation, as a result of the Defendant's unlawful conduct.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a.    That the Court take jurisdiction over this action;

b.    That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c.    That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d.    That the Court award the Plaintiff compensatory damages for his mental anguish and damage to reputation;

e.    That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues so triable.


Dated:        August 18, 2025        MIHOK LAW

1401 East 22nd Avenue
Tampa, Florida 33605
(813) 549-4550
melissa@mihoklaw.us
jordan@mihoklaw.us

Attorney for Plaintiff

_____
Melissa C. Mihok, Esq.
Florida Bar No. 555851