# IN THE UNITED STATES DISTRICT CIRCUIT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CAMILLE ABBOUD, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> FLORIDA POWER & ) <br> LIGHT COMPANY and ) <br> NEXTERA ENERGY, INC., ) <br> ) <br> Defendants. ) <br> _____) | CASE NO.: 3:25-cv-929 |

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, CAMILLE ABBOUD, sues the Defendants, FLORIDA POWER & LIGHT COMPANY AND NEXTERA ENERGY, INC., and alleges as follows:

1. This is an action to recover compensation for lost wages, benefits, instatement to a position, attorney's fees and costs, and any other compensatory damages or remuneration allowable at law for discrimination and retaliation pursuant to Title VII of the Civil Rights Act, as amended, ("Title VII") and the Florida Civil Rights Act, §760.01, *et seq.,* Florida Statutes, ("FCRA").

Case 3:25-cv-00929-TJC-SJH     Document 18     Filed 10/31/25     Page 2 of 18 PageID 61

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **2** of **18**

## PARTIES

1. Plaintiff is a resident of St. John's County, Florida, and was an employment applicant of the Defendants at all times relevant to this action.

2. Plaintiff was an employment applicant of the Defendants as defined by Title VII and within the meaning in the FCRA.

3. The Defendant FLORIDA POWER & LIGHT COMPANY is a for profit business entity in the State of Florida and is authorized to conduct business within the geographical jurisdiction of this Court.

4. The Defendant NEXTERA ENERGY, INC. is a for profit business entity in the State of Florida and is authorized to conduct business within the geographical jurisdiction of this Court.

5. The Defendants are each an "employer" as that term is defined in Title VII and the FCRA.

## JURISDICTION AND VENUE

6. Venue is appropriate in this Court because all or a majority of the conduct that led to this action occurred in the geographical limitations of this Court.

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 3 of 18 PageID 62

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **3** of **18**

7. Jurisdiction is appropriate in this Court pursuant to U.S.C. §1331. Supplemental jurisdiction over the state law claims is appropriate in this Court pursuant to U.S.C. §1367.

## FACTS RELEVANT TO ALL COUNTS

8. Plaintiff's national origin is Arab/Lebanese.

9. Plaintiff is over the age of forty.

10. Plaintiff has applied for over twenty-five positions of employment offered by the Defendant during the relevant time period (i.e., the three hundred days prior to the filing of the Charge of Discrimination with the Equal Employment Opportunity Commission).

11. The Plaintiff had previously applied for over four hundred positions of employment offered by the Defendants and was not interviewed or hired for any of the positions.

12. Plaintiff was qualified for each of the positions for which he applied, as referenced in Paragraph 10, above.

13. Plaintiff was rejected by Defendants to fill each of the positions for which he applied, as referenced in Paragraph 9, above.

14. Defendants continued to seek applicants with similar qualifications and/or filled the positions with individuals outside of the

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 4 of 18 PageID 63

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **4** of **18**

Plaintiff's protected classes for each of the positions for which he applied, as referenced in Paragraph 10, above.

## FACTS RELEVANT TO COUNTS III, IV, VII and VIII

15. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on May 21, 2025.

16. Defendants were aware that Plaintiff filed the Charge of Discrimination.

17. Defendants selected applicants for the positions referred to in Paragraph 10, above, who had not engaged in protected activities.

18. Plaintiff was as or more qualified than the individuals who were selected by the Defendants to fill the positions referred to in Paragraph 10, above.

## COUNT I: DISCRIMINATION BASED UPON NATIONAL ORGIN IN VIOLATION OF TITLE VII AGAINST FLORIDA POWER AND LIGHT, INC.

19. The Plaintiff incorporates Paragraphs 1-3, 5-15 as if fully rewritten herein.

20. The Plaintiff's national origin, Arab, was a determining factor in the Defendant FLORIDA POWER & LIGHT COMPANY's decisions to reject him for the positions referenced in Paragraph 10,

Case 3:25-cv-00929-TJC-SJH     Document 18     Filed 10/31/25     Page 5 of 18 PageID 64

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **5** of **18**

above, and otherwise subjected Plaintiff to the adverse employment action.

21. As a direct and proximate result of the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and benefits, and the loss of potential employment opportunities.

22. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and a loss to his professional and personal reputation, as a result of the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct.

23. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

   a. That the Court take jurisdiction over this action;

Case 3:25-cv-00929-TJC-SJH	Document 18	Filed 10/31/25	Page 6 of 18 PageID 65

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **6** of **18**

b.	That the Court award the Plaintiff his lost pay and benefits caused by the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct;

c.	That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d.	That the Court award the Plaintiff compensatory damages for his mental anguish and damage to his reputation;

e.	That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT II: DISCRIMINATION BASED UPON NATIONAL ORIGIN PURSUANT TO THE FCRA AGAINST FLORIDA POWER AND LIGHT, INC.

24.	The Plaintiff reincorporates Paragraphs 1-3, 5-15 as if fully written herein.

25.	The Plaintiff's national origin, Arab, was a determining factor in the Defendant's decisions to reject him for the positions referenced in Paragraph 10, above, and otherwise subjected Plaintiff to the adverse employment action.

26.	As a direct and proximate result of the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct, the

Case 3:25-cv-00929-TJC-SJH     Document 18     Filed 10/31/25     Page 7 of 18 PageID 66

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **7** of **18**

Plaintiff has suffered, and continues to suffer, the loss of income and benefits, and the loss of potential employment opportunities.

27. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and a loss to his professional and personal reputation, as a result of the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct.

28. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d. That the Court award the Plaintiff compensatory damages for his mental anguish and damage to his reputation;

Case 3:25-cv-00929-TJC-SJH     Document 18     Filed 10/31/25     Page 8 of 18 PageID 67

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **8** of **18**

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT III: RETALIATION IN VIOLATION OF TITLE VII AGAINST FLORIDA POWER & LIGHT COMPANY

39. The Plaintiff incorporates Paragraphs 1-3, 5-18 as if fully rewritten herein.

40. As detailed above, the Plaintiff was retaliated against by being rejected for all of the positions for which he applied.

41. The Plaintiff's protected activity was a determining factor in the decision to reject the Plaintiff for the positions, despite his being as or more qualified than the applicants who were selected and who had not engaged in a protected activity.

42. Such conduct violates Title VII.

43. As a direct and proximate result of the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and damage to his professional and personal reputation, as a result of the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct.

Case 3:25-cv-00929-TJC-SJH  Document 18  Filed 10/31/25  Page 9 of 18 PageID 68

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **9** of **18**

44. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

    a. That the Court take jurisdiction over this action;

    b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct;

    c. That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

    d. That the Court award the Plaintiff compensatory damages for his mental anguish and damage to reputation;

    e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT IV: RETALIATION IN VIOLATION OF THE FCRA AGAINST FLORIDA POWER & LIGHT COMPANY

45. The Plaintiff incorporates Paragraphs 1-3, 5-18 as if fully rewritten herein.

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 10 of 18 PageID 69

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **10** of **18**

46. As detailed above, the Plaintiff was retaliated against by being rejected for all of the positions for which he applied.

47. The Plaintiff's protected activity was a determining factor in the decision to reject the Plaintiff for the positions, despite his being as or more qualified than the applicants who were selected and who had not engaged in a protected activity.

48. Such conduct violates the FCRA.

49. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action.  Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

50. As a direct and proximate result of the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities.  The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and damage to his professional and personal

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 11 of 18 PageID 70

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **11** of **18**

reputation, as a result of the Defendant FLORIDA POWER & LIGHT COMPANY's unlawful conduct.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d. That the Court award the Plaintiff compensatory damages for his mental anguish and damage to reputation;

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## **COUNT V: DISCRIMINATION BASED UPON NATIONAL ORGIN IN VIOLATION OF TITLE VII AGAINST NEXTERA, INC.**

29. The Plaintiff incorporates Paragraphs 1-2, 4-15 as if fully rewritten herein.

30. The Plaintiff's national origin, Arab, was a determining factor in the Defendant NEXTERA, INC.'s decisions to reject him for the positions referenced in Paragraph 10, above, and otherwise subjected Plaintiff to the adverse employment action.

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 12 of 18 PageID 71

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **12** of **18**

31. As a direct and proximate result of the Defendant NEXTERA INC.'s unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and benefits, and the loss of potential employment opportunities.

32. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and a loss to his professional and personal reputation, as a result of the Defendant NEXTERA, INC.'s unlawful conduct.

33. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

    a. That the Court take jurisdiction over this action;

    b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant NEXTERA, INC.'s unlawful conduct;

    c. That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 13 of 18 PageID 72

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **13** of **18**

      d.    That the Court award the Plaintiff compensatory damages for his mental anguish and damage to his reputation;

      e.    That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT VI: DISCRIMINATION BASED UPON NATIONAL ORIGIN PURSUANT TO THE FCRA AGAINST NEXTERA, INC.

34.    The Plaintiff reincorporates Paragraphs 1-2, 4-16 as if fully written herein.

35.    The Plaintiff's national origin, Arab, was a determining factor in the Defendant's decisions to reject him for the positions referenced in Paragraph 10, above, and otherwise subjected Plaintiff to the adverse employment action.

36.    As a direct and proximate result of the Defendant NEXTERA, INC.'s unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and benefits, and the loss of potential employment opportunities.

37.    The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and a loss to his professional and personal reputation, as a result of the Defendant NEXTERA, INC.'s unlawful conduct.

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 14 of 18 PageID 73

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **14** of **18**

38. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d. That the Court award the Plaintiff compensatory damages for his mental anguish and damage to his reputation;

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT VII: RETALIATION IN VIOLATION OF TITLE VII AGAINST NEXTERA, INC.

51. The Plaintiff incorporates Paragraphs 1-2, 4-18 as if fully rewritten herein.

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 15 of 18 PageID 74

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **15** of **18**

52. As detailed above, the Plaintiff was retaliated against by being rejected for all of the positions for which he applied.

53. The Plaintiff's protected activity was a determining factor in the decision to reject the Plaintiff for the positions, despite his being as or more qualified than the applicants who were selected and who had not engaged in a protected activity.

54. Such conduct violates Title VII.

55. As a direct and proximate result of the Defendant NEXTERA, INC.'s unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and damage to his professional and personal reputation, as a result of the Defendant NEXTERA, INC.'s unlawful conduct.

56. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 16 of 18 PageID 75

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **16** of **18**

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant NEXTERA, INC.'s unlawful conduct;

c. That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

d. That the Court award the Plaintiff compensatory damages for his mental anguish and damage to reputation;

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT VIII: RETALIATION IN VIOLATION OF THE FCRA AGAINST NEXTERA, INC.

57. The Plaintiff incorporates Paragraphs 1-2, 4-18 as if fully rewritten herein.

58. As detailed above, the Plaintiff was retaliated against by being rejected for all of the positions for which he applied.

59. The Plaintiff's protected activity was a determining factor in the decision to reject the Plaintiff for the positions, despite his being as or more qualified than the applicants who were selected and who had not engaged in a protected activity.

60. Such conduct violates the FCRA.

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 17 of 18 PageID 76

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **17** of **18**

61. The Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. The Plaintiff brought this action within ninety days of receiving the Notice of Right to Sue.

62. As a direct and proximate result of the Defendant NEXTERA, INC.'s unlawful conduct, the Plaintiff has suffered, and continues to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continues to suffer, mental anguish, emotional distress, embarrassment, and damage to his professional and personal reputation, as a result of the Defendant NEXTERA, INC.'s unlawful conduct.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court instate the Plaintiff to one of the positions for which he applied (or front pay in lieu of instatement);

Case 3:25-cv-00929-TJC-SJH   Document 18   Filed 10/31/25   Page 18 of 18 PageID 77

*Abboud v. Florida Power & Light Company, et al.*, Case No. 25-cv-929
Amended Complaint and Demand for Jury Trial; Page **18** of **18**

d. That the Court award the Plaintiff compensatory damages for his mental anguish and damage to reputation;

e. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 31, 2025, I filed the instant document through the CM/ECF system, which will send electronic notice to: Michael Holt, Esq., Joshua Loren, Esq,, Law Department, 700 Universe Blvd. LAW/JB, Juno Beach, FL 33408 (michael.holt@fpl.com; joshua.loren@fpl.com)

        MIHOK LAW
        1401 East 22nd Avenue
        Tampa, Florida 33605
        (813) 549-4550
        melissa@mihoklaw.us
        jordan@mihoklaw.us

        Attorney for Plaintiff

        */s/ Melissa C. Mihok*
        _____
        Melissa C. Mihok, Esq.
        Florida Bar No. 555851