**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CAMILLE ABBOUD,

    Plaintiff,

                          Case No. 3:25-cv-929-TJC-SJH

v.

FLORIDA POWER & LIGHT
COMPANY and NEXTERA ENERGY,
INC.,

    Defendants.

---

**O R D E R**

**THIS CASE** is before the Court on Defendants Florida Power & Light Company's and NextEra Energy, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint. Doc. 28. Plaintiff, Camille Abboud, alleges employment discrimination because he has applied for numerous jobs with defendants for which he was qualified but was not hired. The Amended Complaint has eight counts, all involving either national origin discrimination or retaliation.[1]

---

[1] Count I is for national origin discrimination under Title VII against FPL. Count II is for national origin discrimination under the Florida Rights Civil Act against FPL. Count III is for retaliation under Title VII against FPL. Count IV is for retaliation under the FCRA against FPL. Counts V through VIII repeat the same claims against NextEra. "FCRA claims are analyzed under the same framework as claims brought under Title VII . . . ." King v. HCA, 825 F. App'x 733, 736 n.2 (11th Cir. 2020).

## I.     LEGAL STANDARD

The bare minimum a plaintiff must set forth in the complaint is found in Fed. R. Civ. P. 8 and explained further in Iqbal and Twombly. See Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## II.     DISCUSSION

To support his national origin discrimination claims, Abboud alleges he applied for more than twenty-five positions with defendants, was qualified for all the positions he sought, but was not hired.[2] Doc. 18 ¶¶ 10, 12. Abboud alleges defendants either continued to seek applicants with similar qualifications to his or filled the positions with someone outside of his protected class. Id. ¶ 14. The facts do not, however, include more details, such as position title or to which defendant Abboud applied. Accordingly, Abboud is directed to replead his national origin claims to, at a minimum, specify which positions are at issue for each defendant.

To support his retaliation claims, Abboud alleges he filed an EEOC charge on May 21, 2025, defendants were aware of his charge, and successful applicants for the positions he sought had not engaged in protected activity. Id. ¶¶ 15–17.

---

[2] Abboud claims the twenty-five applications are within the 300 days before his EEOC charge, which was filed on May 21, 2025. Doc. 18 ¶¶ 10, 15. Abboud also alleges he previously applied for over 400 positions with defendants but was neither interviewed nor hired. Id. ¶ 11.

Retaliation claims generally require protected activity, an adverse action, and a causal connection between the two. Not being hired is an adverse action and filing a charge is protected activity, but the causal connection fails as a matter of law. Debe v. State Farm Auto. Mut. Ins. Co., 860 F. App'x 637, 641 (11th Cir. 2021) ("[I]f the alleged retaliatory conduct occurred before the employee engaged in protected activity, the two events cannot be causally connected.").[3] Abboud's charge complains he was not hired. The protected activity of filing the charge could not be a factor in the decision to not hire him, because the decision to not hire him occurred before the charge was filed.

Defendant also argues Abboud did not properly exhaust administrative remedies. To the extent the exhaustion argument overlaps with the causality issue identified above, it has been addressed. To the extent Defendants argue there are other exhaustion problems, such as hiring decisions occurring after the charge (and therefore limiting the EEOC's ability to investigate), these are not clear. At this stage, the Court does not have information about timing of hiring decisions compared to the date of the charge or right to sue notice, nor are all those details required to survive a motion to dismiss. Moreover, Abboud has pled he did exhaust administrative remedies. See Doc. 18 ¶¶ 23, 28, 33, 38, 44, 49, 56, and 61.[4] Whether

---

[3] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022).

[4] Paragraphs in the amended complaint are not consecutively numbered.

3

exhaustion occurred presents fact issues more appropriate to address at a later stage.

Accordingly, it is now

**ORDERED:**

1. Defendants Florida Power & Light Company's and NextEra Energy, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 28) is **GRANTED without prejudice.**

2. Plaintiff may file a Second Amended Complaint, but Plaintiff should only replead Counts on which there is a good faith basis to proceed. The Second Amended Complaint shall be filed no later than **May 22, 2026.** Defendants should respond to the Second Amended Complaint no later than **June 12, 2026.**

3. The Parties remain governed by the Case Management and Scheduling Order (Doc. 35).

---

Any second amended complaint should correct this.

4

5

**DONE AND ORDERED** in Jacksonville, Florida this 1st day of May, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record